**Phillip H. FALLS, doing business as Fast Lane Foods, Plaintiff–Appellant,**

v.

**TOWN OF DYER, INDIANA, et al., Defendants–Appellees.**

No. 88–2467.

United States Court of Appeals, Seventh Circuit.

Argued April 25, 1989.

Decided May 22, 1989.

Fred W. Grady, Portage, Ind., for plaintiff-appellant.

Elizabeth A. Brown, Judge & Knight, Park Ridge, Ill., defendants-appellees.

Before WOOD, Jr., CUDAHY and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Phillip Falls uses portable signs in front of his convenience store in Dyer, Indiana, and the Town repeatedly has cited him for violating its zoning ordinances. Falls, a scofflaw, believes that the Town turns a blind eye to his competitors' portable signs. He filed this suit under 42 U.S.C. § 1983, contending that the Town's enforcement of these concededly valid ordinances against his confessed violations infringes his constitutional rights.

Falls sought an injunction against adjudication of the complaints the Town had filed against him in state court. Falls should have raised his selective-prosecution defense in the state proceeding. In fact he did, and he lost. He was convicted and did not appeal. So by the time the district court decided the federal case, there were two potential obstacles: the comity doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), which applies even after the state prosecution has run its course, *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607–09, 95 S.Ct. 1200, 1209–10, 43 L.Ed.2d 482 (1975), and principles of preclusion (res judicata and collateral estoppel). The comity doctrine of *Younger*, designed for the state's protection, is the state's to claim or spurn, *Ohio Bureau of Employment Services v. Hodory*, 431 U.S. 471, 479–80, 97 S.Ct. 1898, 1903–04, 52 L.Ed.2d 513 (1977), and preclusion is an affirmative defense that has yet to be raised. Both *Younger* and preclusion could pose interesting questions. *Wooley v. Maynard*, 430 U.S. 705, 710–12, 97 S.Ct. 1428, 1433–34, 51 L.Ed.2d 752 (1977), might allow Falls to seek relief against future repetitive prosecutions; preclusion is complicated by the fact that Falls was acquitted in one trial before being convicted in a second. See also David P. Currie, *Res Judicata: The Neglected Defense*, 45 U.Chi.L. Rev. 317 (1978). Because the parties have not presented these points we, like the district court, pass them by for now—although they remain to be considered later.

The district court granted the Town's motion to dismiss under Fed.R.Civ.P. 12(b)(6), holding that disputes about the interpretation and application of zoning laws do not state claims under § 1983. Correct as this is, *Wayte v. United States*, 470 U.S. 598, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985); *Harding v. County of Door*, 870 F.2d 430 (7th Cir.1989); *Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461 (7th Cir.1988); *Muckway v. Craft*, 789 F.2d 517 (7th Cir.1986), the point does not dispose of our case. Falls does not want the Town to prosecute someone else (as in *Muckway*); he does not contend that the Town has misinterpreted or misapplied its own law. Falls alleges instead that the Town's criteria for choosing whom to prosecute are unconstitutional.

■ Falls contends that he is the *only* person against whom the Town enforces the portable-sign ordinance—at least when his complaint is liberally construed, as it must be so early in the case. *Acme Propane, Inc. v. Tenexco, Inc.*, 844 F.2d 1317, 1325 (7th Cir.1988). Not because he is black, or Protestant, or Republican: Falls disclaims any contention that the Town used these forbidden criteria. Just why Dyer would harass him is obscure. Perhaps his neighbors do not like the decor of his living room or the quality of his food. No matter the reason for lighting upon Falls as a solitary victim, the Town has done so (we must assume).

If the Town of Dyer enacted an ordinance saying: "No one whose last name begins with 'F' may use a portable sign in front of a 24–hour food shop, but everyone else may", that law would be whimsical, capricious, without a rational basis for support. In a small town it would be no different from a bill of attainder, which Article I § 10 forbids to the states. The Town's lawyer conceded at oral argument that such a law would be unconstitutional, and so we may assume.

Dyer did not enact such an ordinance, but not all law is inscribed on the books. State and local government may establish rules through enforcement as readily as through legislation, for states need not observe the separation of powers that the Constitution prescribes for the national government, and many cities elect to fuse

legislative and executive powers in the "city manager" style of government. See *Whalen v. United States,* 445 U.S. 684, 689–90 n. 4, 100 S.Ct. 1432, 1436 n. 4, 63 L.Ed.2d 715 (1980); *Mayor of Philadelphia v. Educational Equality League,* 415 U.S. 605, 615 n. 13, 94 S.Ct. 1323, 1330 n. 13, 39 L.Ed.2d 630 (1974); *Highland Farms Dairy, Inc. v. Agnew,* 300 U.S. 608, 612, 57 S.Ct. 549, 551, 81 L.Ed. 835 (1937); *Prentis v. Atlantic Coast Line Co.,* 211 U.S. 210, 225, 29 S.Ct. 67, 69, 53 L.Ed. 150 (1908); *Dreyer v. Illinois,* 187 U.S. 71, 83–84, 23 S.Ct. 28, 32, 47 L.Ed. 79 (1902); *United Beverage Co. v. Indiana Alcoholic Beverage Comm'n,* 760 F.2d 155 (7th Cir.1985); cf. *University of Tennessee v. Elliott,* 478 U.S. 788, 796–99, 106 S.Ct. 3220, 3225–27, 92 L.Ed.2d 635 (1986). Dyer may, if it wishes, adopt the rule "No one whose last name begins with 'F' shall use portable signs" through an ordinance saying "No one shall use portable signs", followed by enforcement only against those whose names begin with "F".

Dyer does not contend that Falls is a "legitimate class of one", see *Nixon v. Administrator of General Services,* 433 U.S. 425, 472, 97 S.Ct. 2777, 2805, 53 L.Ed.2d 867 (1977). Unless the Town could legislate a special rule for Falls, he is entitled to try to show that Dyer *has* singled him out, through a combination of legislative and executive action, for unique treatment. *Yick Wo v. Hopkins,* 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886), holds that an ordinance forbidding all persons to operate wooden laundries, but enforced only against persons from China, is the same as a law forbidding only the Chinese to operate wooden laundries. By the same token a law enforced only against Falls is the same as a law naming Falls as a unique class. Given the Town's concession that Falls is not a legitimate class of one, such a law could not be sustained. See *LeClair v. Saunders,* 627 F.2d 606, 611 (2d Cir.1980). Stopping this litigation on a motion under Rule 12(b)(6) was premature.

Whether this will do Falls any good remains to be seen. Although Falls gets past the hurdle of Rule 12(b)(6), not only the need for proof but also questions concerning *Younger* and preclusion require attention on remand to the extent they have not been surrendered. *Sequoia Books, Inc. v. McDonald,* 725 F.2d 1091, 1095 (7th Cir. 1984), leaves open the possibility that a court may raise *Younger* abstention on its own, a position reinforced by the similar conclusion of the Supreme Court in *Granberry v. Greer,* 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987), dealing with exhaustion of state remedies—a doctrine that, like *Younger,* protects state courts against interference from federal litigation.

 The road to victory on the merits also runs uphill. Selectivity is not the same as applying the law to one person alone. A government legitimately could enforce its law against a few persons (even just one) to establish a precedent, ultimately leading to widespread compliance. The prosecutor may conserve resources for more important cases. See *Wayte* and, e.g., *Jarrett v. United States,* 822 F.2d 1438, 1443 (7th Cir.1987), approving selective prosecution unless the "selective decision to prosecute ... was based on ... impermissible grounds (discrimination) such as race, religion, or exercise of constitutional rights"—none of which Falls alleges. A vendor's bleat that it should not bear the competitive disadvantage of enforcement does not establish a constitutional wrong. *FTC v. Universal–Rundle Corp.,* 387 U.S. 244, 87 S.Ct. 1622, 18 L.Ed. 2d 749 (1967); *Moog Industries, Inc. v. FTC,* 355 U.S. 411, 78 S.Ct. 377, 2 L.Ed.2d 370 (1958). Persons selected by lot to fight and die (the draft used a lottery during the Vietnam War) had no complaint: the armed services did not need everyone, and randomness may be preferable to the display of a feigned expertise in making such choices. Speeders can't run to federal court when the police let many others, whose sin is worse, whiz by. Selectivity is not only inevitable but also desirable when it conserves resources. Government rationally may decide that imposing stiff penalties on 10% of offenders is the best way to enforce the law against all. This means that no firm may insist that its rival be prosecuted. *Muckway;* cf. *Linda R.S. v.*

*Richard D.,* 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). Our Constitution requires neither perfection nor comprehensive regulation. Gaffes in the enforcement of an ordinance are neither here nor there for federal purposes; proof that the Town of Dyer erred gravely in the administration of its laws, or that someone in local government had a vendetta against Falls but that the law is being enforced rationally against others, will not get him past the Town's motion for summary judgment. *DeShaney v. Winnebago County Department of Social Services,* — U.S. —, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989); *Bishop v. Wood,* 426 U.S. 341, 348–51, 96 S.Ct. 2074, 2079–81, 48 L.Ed.2d 684 (1976); *Archie v. City of Racine,* 847 F.2d 1211 (7th Cir.1988) (en banc).

The Town of Dyer makes none of these arguments, however. It does not say that the prosecution of Falls is just the first of many or a trailblazer for local enforcement, in the expectation that others' businesses will fall into line; Dyer does not say that Falls' shop is distinctive or that his portable signs are more of a problem than anyone else's; it does not say that Falls drew the short straw in a resource-poor town that cannot prosecute many cases; it does not contend that its officials have made mistakes in the execution of an otherwise-legitimate enforcement plan. It rests on the proposition that so long as Falls actually broke the law, no pattern of selectivity other than on account of race or a proscribed characteristic can be unconstitutional. Not so. If Falls can prove that the law of Dyer is that "Phillip H. Falls may not use portable signs, and everyone else may", then he has stated a claim of irrational state action, of a bill of attainder by another name.

REVERSED AND REMANDED.