**Lorraine LONGMOOR, and Lyndsey Keene, plaintiffs,**

v.

**Karl NILSEN, Michael Fox, Town of Barkhamsted, Barkhamsted Inland Wetlands Commission, Trooper David Laboy, Trooper Hazen, Trooper Sweeney, Lt. Tolomeo, and P.J.'s Auto Service, Inc., Defendants.**

**No. 3:02CV1595 (JBA).**

United States District Court, D. Connecticut.

Sept. 26, 2003.

---

Katrena K. Engstrom, John R. Williams, Williams & Pattis, New Haven, CT, for plaintiffs.

Peter S. Olson, Pullman & Comley, Bridgeport, CT, James Newhall Tallberg, Updike, Kelly & Spellacy, P.C., Hartford, CT, for Barkhamsted Inland Wetlands Com'n, Karl Nilsen, Michael Fox, Town of Barkhamsted, defendants.

Stephen Richard Sarnoski, Attorney General's Office, Hartford, CT, for Hazen, Sweeney, Tolomeo, defendants.

Wendy Kennedy Venoit, Jason J. Vicente, Pepe & Hazard, Hartford, CT, for P-J's Auto Svc, Inc, defendant.

**Ruling on Motion of Defendants Laboy, Hazen, Sweeney, and Tolomeo for Judgment on the Pleadings [Doc. # 33] and Motions of Defendants Fox, Nilsen, Town of Barkhamsted and Barkhamsted Inland Wetland Commission to Join [Doc. # 41–1] and to Dismiss [Doc. # 45]**

ARTERTON, District Judge.

■ Plaintiffs Lorraine Longmoor and Lyndsey Keene assert in their amended complaint brought under 42 U.S.C. § 1983 and Connecticut common law, that defendants deprived them of equal protection and substantive and procedural due process under the Fourteenth Amendment to the United States Constitution, subjected them to a bill of attainder in violation of U.S. Const. art. I, § 10, and intentionally inflicted emotional distress, all in connection with defendants' alleged conduct related to property disputes between plaintiffs and their non-party neighbors. Defendants Laboy, Haven, Sweeney, and Tolomeo (collectively the "State Police Defendants") move under Fed.R.Civ.P. 12(c) to dismiss the four constitutional claims for failure to state a claim upon which relief can be granted and the sole common law claim for lack of subject matter jurisdiction. Defendants Fox, Nilsen, Town of Barkhamsted and Barkhamsted Inland Wetland Commission (collectively the "Barkhamsted Defendants")[1] move under Fed.R.Civ.P. 12(b)(6) to dismiss plaintiffs' equal protection and bill of attainder claims.[2]

1. All individual defendants (Nilsen, Fox, Laboy, Hazen, Sweeney and Tolomeo) are sued under 42 U.S.C. § 1983 in their individual capacities only.

2. The Barkhamsted Defendants' moving papers specifically address only plaintiffs' bill of attainder claim. Their motion [Doc. # 41–1] to join the State Police Defendants' Motion for Judgment on the Pleadings asks "that the plaintiffs' other claims be dismissed for the same reasons that are articulated in the State Defendants' Motion for Judgment on the Pleadings." Barkhamsted Mot. to Dismiss [Doc. # 45] at 2. As State Police Defendants' challenge to plaintiffs' federal substantive and procedural due process claims and Connecticut common law claim require application of law to the specific conduct alleged on their part only, and the amended complaint alleges conduct by the Barkhamsted Defendants dif-

## I. Factual Background [3]

During the time period relevant to the present action, Longmoor and Keene resided at 24 Woodland Acres in Barkhamsted, Connecticut. After June 29, 2001, Keene joined Longmoor as an absolute fee owner this parcel of real property (the "Woodland Property").

From August 1999 to August 2002, plaintiffs were engaged in property rights disputes with owners of property bordering or close to the Woodland Property. The State Police Defendants sided with these neighbors against plaintiffs in such disputes in the following manner:

On April 25, 2000, Laboy ordered Longmoor to remove a chain she had placed across a dirt road that was located entirely on the Woodland Property "for the specific purpose of facilitat[ing] a trespass by the plaintiff's neighbor upon her property." Am. Compl. ¶ 9A. On April 30, 2000, Hazen and Sweeney ordered Longmoor to remove the chain.

On May 1, 2000, Laboy threatened to arrest Longmoor for keeping the chain on the Woodlands Property. On May 2, 2000, Tolomeo advised Longmoor and her neighbor that he would permit the neighbor to tear down the chain if Longmoor placed it on her property.

■ On May 17, 2000, defendant P.J.'s Auto Service was directed by "a member of the Connecticut State Police" to tow an automobile belonging to Longmoor off her property "in order to facilitate a trespass upon the plaintiff's property by her … neighbor." Am. Compl. ¶ 9F.[4]

ferent than the State Police Defendants, "the same reasons … articulated in the State Defendants' Motion for Judgment on the Pleadings" would not provide sufficient basis for the Court to rule on the claims against the Barkhamsted Defendants. Accordingly, the motion to join [Doc. # 41–1] is DENIED in PART with respect to the due process and Connecticut common law claims. However, as the challenge lodged by the State Police Defendants against plaintiffs' equal protection claim does not require the same type of factual analysis, the Court will permit the Barkhamsted Defendants to join the State Police Defendants' arguments on that claim. Accordingly, the motion to join [Doc. # 41–1] is GRANTED in PART as to plaintiffs' equal protection claim. The Court notes that the Barkhamsted Defendants' memorandum of law in support of its motion appears to anticipate this result by concluding with a prayer that specifically requests the dismissal of plaintiffs' bill of attainder and equal protection claims but not plaintiffs' other claims, *see* Barkhamsted Defs. Mem. in Supp. at 7, leaving the remaining claims for possible disposition on a properly supported motion for summary judgment.

3. All facts are taken from plaintiffs' amended complaint. Additional allegations from the amended complaint are set forth as necessary in analyzing each of plaintiffs' claims, and factual allegations related to the Barkhamsted Defendants are set forth in the context of plaintiffs' equal protection and bill of attainder claims.

4. The amended complaint does not identify the state police officer who directed P.J.'s to tow Longmoor's vehicle, referring ambiguously to "a member of the Connecticut State Police," Am. Compl. ¶ 9F, but does state explicitly that P.J.'s was acting at all relevant times "under the control of the State Police defendants," Am. Compl. ¶ 4. Accordingly, for purposes of evaluating plaintiffs' pleadings, the Court construes the amended complaint to claim that one of the four individual officer defendants directed the towing of Longmoor's automobile and that Longmoor is not sure which of them did so.

In addition, in light of the plaintiffs' allegations that plaintiff Keene did not have an interest in the Woodland Property until June 29, 2001, and that the towed automobile belonged to plaintiff Longmoor, and because none of the State Police Defendants' conduct is otherwise alleged to have been directed at Keene, there are no factual allegations from which to conclude that the State Police Defendants violated the rights of Keene or inflicted emotional distress on her. Accordingly, the State Police Defendants are entitled to dismissal of Keene's claims against them.

## II. Fed.R.Civ.P. 12(b)(6) Standard

■ When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.").[5]

## III. Equal Protection

■ The State Police and Barkhamsted Defendants argue that plaintiffs' equal protection claim is legally insufficient because "it fails to describe with any degree of particularity just what the group of similarly situated landowners actually is [and therefore] simply fails to meet the fundamental notice pleading requirements of Federal Rules of Civil Procedure, Rule 8." State Police Defs. Mem. in Supp. [Doc. # 34] at 7–8 (quotations omitted). Plaintiffs respond that their allegations, including "all of the defendants have acted . . . . with intent to discriminate, and with no rational basis, and have thereby deprived the plaintiffs of equal protection of the laws by treating them differently from similarly situated landowners without any rational basis for the said discrimination," Am. Compl. ¶ 11, sufficiently identify "what the group of similarly situated landowners actually is" for purposes of a "class of one" equal protection claim under the Supreme Court's decision in *Village of Willowbrook v. Olech,* 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). Plaintiffs are correct.

In remanding a district court's grant of a Rule 12(b)(6) motion against an *Olech* "class of one" claim, the Second Circuit explicitly rejected the argument the defendants now make:

> . . . the *Olech* opinion does not establish a requirement that a plaintiff identify in her complaint actual instances where others have been treated differently for the purposes of equal protection. Indeed, it appears that Olech herself did not 'name names' in her complaint, but made the more general allegation that similarly situated property owners had been asked for a different easement. The Supreme Court found that such an allegation could fairly be construed as sufficient for stating an equal protection claim. . . . Here, the DeMurias made a general allegation that Hawkes gave them a different standard of police protection than that typically afforded a resident of Clinton. The facts they allege in their complaint support the conclusion that Hawkes's conduct was in violation of his duty as an officer of the Clinton police department. We find these allegations sufficient, albeit barely, to meet the minimal level established by

---

5. The State Police Defendants, unlike the Barkhamsted Defendants who moved for dismissal under Fed.R.Civ.P. 12(b)(6), first answered plaintiffs' amended complaint and then moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). The procedural distinction does not affect the Court's resolution of the motions as "the legal standards for review of motions pursuant to Rule 12(b)(6) and Rule 12(c) are indistinguishable." *DeMuria v. Hawkes,* 328 F.3d 704, 706 n. 1 (2d Cir.2003).

*Olech* for "class of one" equal protection claims at the pleading stage. *DeMuria*, 328 F.3d at 706–07.[6] Similarly, here, plaintiffs generally allege that the State Police Defendants and the Barkhamsted Defendants treated them differently from similarly situated landowners in Barkhamsted, *see* Am. Compl. ¶ 11, and set forth factual allegations supporting the respective conclusions that both the State Police Defendants acted in violation of their duty as officers of the State Police, *see* Am. Compl. ¶ 9A.-D.,[7] and the Barkhamsted Defendants acted in violation of their official duties, *see* Am. Compl. ¶ 9E., G.-R. Thus, as to each group of defendants, these allegations are sufficient to satisfy *Olech*'s minimal pleading requirements.

## IV. Substantive Due Process

■ The State Police Defendants argue that, in the context of a property dispute between neighbors, the factual allegations supporting Longmoor's substantive due process claim against them do not as a matter of law constitute behavior that shocks the conscience so as to be actionable as a substantive due process violation. Alternatively, the State Police Defendants argue that the existence of adequate post-deprivation remedies of which plaintiffs can avail themselves, namely, common law actions in mandamus, quiet title, trespass, or equitable injunction, precludes Longmoor's claim.

Plaintiffs counter that their allegations need not rise to the level of conscience shocking behavior, but that a substantive due process claim is sufficiently pled by alleging the State Police Defendants infringed upon the plaintiffs' property interest by interfering with their ability to manage their property in any manner they saw fit, including threat of arrest for failure to comply with orders to remove a chain, facilitation of a trespass on their property, and towing Longmoor's vehicle. Longmoor does not respond to the State Police Defendants' alternative argument regarding adequate post-deprivation remedies. The Court agrees with the State Police Defendants that plaintiffs' substantive due process claim fails because the supporting factual allegations cannot constitute conscience shocking behavior.

■ Contrary to plaintiffs' argument, in the context of executive actors, for example police officers or school teachers (as opposed to administrative actors enforcing regulatory regimes), "[t]he protections of substantive due process are available only against egregious conduct which goes beyond merely offending some fastidious squeamishness or private sentimentalism and can fairly be viewed as so brutal and offensive to human dignity as to shock the conscience." *Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 173 (2d Cir.2002)(per curiam)(quotations omitted). Claims for violation of substantive due process most often involve non-seizure non-prisoner allegations of excessive force not cognizable under the Fourth or Eighth Amendments. *See Rodriguez v. Phillips*, 66 F.3d 470, 477 (2d Cir.1995). Thus, for example, the Second Circuit in *Smith* considered an allegation of a single striking of

---

6. The district court had dismissed the claim in part because the complaint "had not set forth any allegations identifying others similarly situated who were treated differently; or, for example, an allegation that officers handling similar disputes took adequate action, promptly applied for a warrant or made an arrest." *Id.* at 707.

7. The allegations of Am. Compl. ¶¶ 9A., 9F., and 11 will be construed at this stage to claim that the State Police Defendants knew that the neighbor had no right to use the Woodland Property.

a seventh grade student in the face at full-force with an open hand without any peda-gogical or disciplinary justification, and concluded that such allegation did not rise to level of conscience shocking behavior. *See Smith*, 298 F.3d at 170, 173. The Second Circuit emphasized that important to its holding was "the Supreme Court's admonition that 'executive action chal-lenges raise a particular need to preserve the constitutional proportions of constitu-tional claims, lest the Constitution be de-moted to … a font of tort law.'" *Id.* at 173 (*quoting County of Sacremento v. Lewis*, 523 U.S. 833, 847 n. 8, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)).

By contrast, the Court has not found and the plaintiffs have not cited any case with conduct of a similar or analogous nature in which a court found allegations sufficient to maintain a substantive due process claim. While verbal threats ac-companied with egregious conduct have been held sufficient to satisfy the high threshold for a substantive due process claim, *see e.g., Hawkins v. Holloway*, 316 F.3d 777, 786–87 (8th Cir.2003) (police offi-cer's pointing a loaded gun at employees at close range and threatening to use it as a means of employee discipline sufficient to constitute a violation of substantive due process), verbal threats alone, even of a repugnant nature, have not, *see Hopson v. Fredericksen*, 961 F.2d 1374, 1378–79 (8th Cir.1992)(affirming directed verdict against plaintiff on substantive due process claim where plaintiff proved police officer uttered a racial slur and threatened to "knock [plaintiff's] remaining teeth out of his mouth" but made no type of physical gesture toward plaintiff).

Here, even assuming the State Police Officers knew that the neighbor had no right to use Longmoor's dirt road, *see supra* note 7, but made the threats and took the unauthorized action alleged to enable another's unlawful and unjustified trespass on Longmoor's private property, and even assuming that such threats were efficacious in getting Longmoor to remove the chain, something Longmoor does not allege, such factual allegations are far from being conduct "so brutal and offensive to human dignity as to shock the conscience" and therefore cannot rise to the level of a substantive due process violation.

## V. Procedural Due Process

■ The State Police Defendants begin their challenge to plaintiffs' procedural due process claim by invoking the doctrine of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), and *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), which permits the State to forgo pre-deprivation notice and hearing where the deprivation of property or liberty results from a "random and unauthorized act" of a state actor and "ad-equate" post-deprivation state judicial remedies are available to redress any loss. Without discussion of the "random and unauthorized act" prong, the State Police Defendants argue that plaintiffs have ade-quate post-deprivation remedies in the form of a suit against the State pursuant to Conn. Gen.Stat. §§ 4–141 et seq. for wrongdoing by the State Police Defen-dants with respect to interference with Longmoor's chain or automobile, and in the form of common law causes of action, including actions to clarify title, for any actual trespass facilitated for the neighbor.

Plaintiffs label this argument as prema-ture because "the complaint does not al-lege any post-deprivation remedies." Pls.' Opp'n at 12. This argument is perplexing because the absence of an allegation that no adequate post-deprivation remedies were available does not require the Court to assume that none existed. Adequate post-deprivation remedies could be avail-

able as a matter of law whether or not they are identified in a complaint.

Plaintiffs next urge that, as the Court must accept the allegation that Longmoor held an absolute fee over the property in question, it could not conclude that an action to quiet title would avail her at all. This argument misapprehends the function in property disputes of common law actions such as trespass and quiet title, an essential element of both of which requires the plaintiff to demonstrate title to the property on which the defendant is claimed to have acted in an adverse manner. *See e.g., Robertson v. Theriault,* No. CV020067838, 2003 WL 21328113, at *1 (Conn.Super. May 30, 2003) ("The essential elements of a trespass action are: (1) ownership or possessory interest in the land by the plaintiff; (2) invasion, intrusion or entry by the defendant affecting the plaintiff's exclusive possessory interest; (3) done intentionally; and (4) causing direct injury.") (quotations omitted); *Wynnick v. Allen,* No. CV0000708047S, 2002 WL 1816809, at *1 (Conn.Super. July 1, 2002) ("The essential elements of [a quiet title] action ... are that the plaintiff claims title to the property and that the action is brought against such persons claiming an interest in the property that is adverse to that of the plaintiff. The plaintiff must prove its title in the disputed property by a preponderance of the evidence.") (quotations and citations omitted). Thus, accepting Longmoor's claim of absolute ownership as true requires the Court to conclude that common law actions for quiet title and trespass could be efficacious for Longmoor as a remedy for another's claim of rights related to the property.

Plaintiffs do not address whether a suit against Connecticut under Conn. Gen.Stat. §§ 4–141 et seq. would rectify wrongdoing by the State Police Defendants, and only make the general assertion that "plaintiff's car was taken by order of the State Police and their property was infringed upon by the State Troopers without the benefit of hearing or notice." Pls.' Opp'n at 13.

■ Notwithstanding plaintiffs' failure to address or adequately refute the State Police Defendants' arguments, the State Police Defendants have not provided the Court with a basis sufficient to grant their motion at this stage. Given plaintiffs' contention that a pre-deprivation remedy was required prior to towing Longmoor's automobile and giving orders related to her chain, *see id.,* the State Police Defendants should have provided an analysis of the critical first prong of the *Parratt/Hudson* analysis, whether the State Police Defendants' actions in respect of both Longmoor's chain and automobile were "random and unauthorized," *see* 1A Martin A. Schwartz and John E. Kirklin, Section 1983 Litigation § 3.22, at 375 (3rd ed. 1997 & Cum.Supp.2003–1) ("It is critical that the practitioner consult the law of the particular circuit because *random and unauthorized* ... has not been uniformly construed."). Further, the State Police Defendants do not explain how a cause of action under Conn. Gen.Stat. §§ 4–141 et seq. or Connecticut common law would rectify the alleged violations of Longmoor's property interests such that the Court could find the proffered corrective remedies "adequate." Accordingly, Longmoor's claim of a violation of procedural due process survives the State Police Defendants' motion to dismiss. The State Police Defendants may, of course, revisit this issue in a properly supported motion for summary judgment at the conclusion of discovery.

## VI. Bill of Attainder

■ Plaintiffs' amended complaint reads:

In the manner described above, the defendants have subjected the plaintiffs to bills of attainder in violation of their rights under the United States Constitution, in that the defendants singled out the plaintiffs as the only persons in the community to be treated in the manner described above although many in the community could have been so treated. Am. Compl. ¶ 16. The State Police Defendants argue that plaintiffs' claim for a violation of the Bill of Attainder Clause (applicable to the States), U.S. Const. art. I, § 10, is "patently frivolous," State Police Defs. Mem. in Supp. at 17, asserting that the clause applies only to legislative acts, they are executive officers, and no legislative act is alleged against them in plaintiffs' amended complaint. Plaintiffs' opposition contains no response.

The Barkhamsted Defendants similarly maintain that plaintiffs' Bill of Attainder claim must fail because the allegations of plaintiffs' amended complaint directed against them relate to taking and failing to take administrative action (enforcement of Inland Wetlands Regulations against Longmoor knowing that she was not engaged in regulated activities, requiring permitting while concomitantly refusing to enforce wetlands regulations against neighboring and nearby landowners who were inflicting damage to wetlands located near the Woodland Property, *see* Am. Compl. ¶¶ 3, 9E, 9G–9R, 11), and do not claim legislative action. In response, plaintiffs urge the Court to accept "the cogent reasoning of the Seventh Circuit in *Falls v. Town of Dyer*, 875 F.2d 146 (7th Cir.1989)(Easterbrook, J.)." Pls.' Opp'n to Barkhamsted Defendants at 6.

██ "The Constitution includes two clauses prohibiting enactment of 'bills of attainder': Section 9 applies to Congress, Section 10 to the states." *Consolidated Edison Co. of New York, Inc. v. Pataki*, 292 F.3d 338, 345 (2d Cir.2002). U.S. Const. art. I, § 10, cl. 1 provides, "No state shall . . . pass any Bill of Attainder," and U.S. Const. art. I, § 9, cl. 1 provides, "[n]o Bill of Attainder or ex post facto law shall be passed." "A bill of attainder is 'a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.'" *New York State Trawlers Assoc. v. Jorling*, 16 F.3d 1303, 1312 (2d Cir.1994) (*quoting Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977)).[8] "Such bills are condemned in the Constitution largely because they represent a legislative encroachment on powers more properly exercised by the judiciary. A bill of attainder, 'assumes, in the language of the textbooks, judicial magistry; it pronounces upon the guilt of the party, without any of the forms or safeguards of trial.'" *Linnas v. INS*, 790 F.2d 1024, 1028 (2d Cir.1986) (*quoting Cummings v. Missouri*, 71 U.S. (4 Wall.) 227, 323, 18 L.Ed. 356 (1866)).

██ Accordingly, actions brought under the Bill of Attainder Clause challenge laws or amendments thereto enacted by state legislatures. *See, e.g., Consolidated Edison*, 292 F.3d 338 (challenge to New York legislature's enactment prohibiting Consolidated Edison Company from recovering from ratepayers costs associated with replacing power to a particular facility after that facility had suffered an outage); *Jorling*, 16 F.3d at 1306, 1312 (challenge to New York legislature's enactment of amendments to its Environmental Con-

---

**8.** In *Jorling*, the Second Circuit evaluated the merits of a bill of attainder § 1983 claim, affirming a grant of summary judgment, but did not address whether this claim was cognizable under § 1983.

servation Law to protect against trawling for lobsters); *Linnas,* 790 F.2d 1024 (challenge to "Holtzman amendment" to federal immigration law generally requiring deportation of persons shown to have participated in Nazi persecution during World War II, and eliminating executive discretion to grant such persons relief, despite threat to deportee's life or liberty that might result from deportation).

Here, plaintiffs complain of no conduct that could be characterized as a legislative act that retroactively determined them guilty of conduct necessitating legislatively imposed punishment. Rather, plaintiffs have alleged the State Police Defendants acted outside of their authority in treating them differently from other similarly situated landowners in Barkhamsted; regarding the Barkhamsted Defendants, plaintiffs have alleged the selective enforcement of already existing regulations in a discriminatory manner. As such, plaintiffs have alleged classic equal protection claims, not claims for a violation of the constitutional prohibition against bills of attainder.

Plaintiffs' reliance on Judge Easterbrook's opinion in *Falls* is misplaced. While the opinion draws conceptually from bill of attainder case law in discussing selective prosecution of a town ordinance regarding portable signs, it stands for the proposition that selective enforcement of facially neutral laws can give rise to an equal protection claim, not a claim under the Bill of Attainder Clause.[9]

## VII. Governmental Immunity and Common Law Claim for Intentional Infliction of Emotional Distress

A fair construction of the plaintiffs' amended complaint is that they allege a cause of action for intentional infliction of emotional distress against all defendants under Connecticut common law. While paragraph one [10] is ambiguous as to whether plaintiffs allege violation of Connecticut laws or Connecticut constitutional provisions or both, the ambiguity is somewhat clarified by paragraphs eleven through sixteen, which specifically identify the federal causes of action and refer to "the defendants [having] violated the rights of the plaintiffs under Connecticut common law," Am. Compl. ¶ 15. In that light, the elements of a cause of action for intentional infliction of emotional distress under Connecticut common law are contained in paragraphs ten and thirteen of the amended complaint, albeit conflated with the conscience shocking standard of federal substantive due process:

As a result, the plaintiffs have suffered economic loss and severe emotional distress.

The conduct of the defendants described above has been extreme, outrageous, and shocking to the conscience, and has been carried out with the knowledge

---

**9.** *See Wroblewski v. City of Washburn,* 965 F.2d 452, 459 & n. 6 (7th Cir.1992) ("In particular, we held in [*Falls* ] that 'a law naming [plaintiff] as a unique class' could not be sustained under the equal protection clause. The court in *Falls* speaks generally of 'constitutional rights,' so it is not immediately clear whether the decision rests on the equal protection clause, as opposed to due process or the bill of attainder clause. However, the court's citation of [*Yick Wo* ] and [*LeClair v. Saunders* ] in the crucial passage indicates that its holding applies equal protection doctrine."); *see also Pro–Eco, Inc. v. Board of Commissioners of Jay County, Indiana,* 57 F.3d 505, 515 & n. 11 (7th Cir.1995); *Esmail v. Macrane,* 53 F.3d 176, 180 (7th Cir.1995).

**10.** "This is an action to redress the deprivation of rights secured to the plaintiffs by the constitution and laws of the United States and the State of Connecticut." Am. Compl. ¶ 1.

that it likely would cause the plaintiffs emotional distress.

Am. Compl. ¶¶ 10 and 13.

The State Police Defendants do not challenge the sufficiency of plaintiffs' pleading, but assert that it must be dismissed because they are entitled to statutory immunity under Conn. Gen.Stat. § 4–165 and the common law doctrine of sovereign immunity. They argue that plaintiffs have failed to allege the State Police Defendants acted outside the scope of their employment or in a wanton, reckless, or malicious manner because plaintiffs' allegations about their conduct during the property dispute between neighbors lack any allegation that the State Police Defendants knew Longmoor to be the fee owner of the Woodland Property, thus amounting at most to the State Police Defendants' error about the rightful ownership of the Woodland Property.

Plaintiffs contend that the allegations of the amended complaint support the conclusion that the State Police Defendants acted outside the scope of their employment and in a wanton, reckless, or malicious manner, in that "[they] acted jointly and in concert with each other and were engaging in a conspiracy[,] ... had the opportunity to protect the plaintiffs from the unlawful actions of the other defendants but did not and refused to act to protect them[,] ... [and] acted in the manner in which they did so that they could facilitate a trespass onto the plaintiffs' property by individual neighbors." Pls. Opp'n at 14–15.

 Plaintiffs sue the State Police Defendants only in their individual capacities and therefore the State Police Defendants as a matter of law cannot be protected by the common law doctrine of sovereign immunity. *See Miller v. Egan,* 265 Conn. 301, 307, 828 A.2d 549 (2003); *Martin v. Brady,* 261 Conn. 372, 374, 802 A.2d 814 (2002). Regarding statutory immunity, Conn. Gen.Stat. § 4–165 provides:

> No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment.

Thus, "[s]tate employees do not ... have statutory immunity for wanton, reckless or malicious actions, or for actions not performed within the scope of their employment. For those actions, they may be held personally liable, and a plaintiff who has been injured by such actions is free to bring an action against the individual employee." *Miller,* 265 Conn. at 319, 828 A.2d 549.

Whether Longmoor's claim that the State Police Defendants knowingly aided and abetted another's trespass, *see supra* note 7, especially in light of Longmoor's allegations that they acted with an intent to discriminate and consistently and unfairly took of the neighbor's side against Longmoor in all property disputes, *see* Am. Compl. ¶ 9, 11, constitutes conduct of a wanton, reckless, or malicious nature requires a fully developed record. *Martin* offers guidance:

> 'We have never definitively determined the meaning of wanton, reckless or malicious as used in § 4–165. In the common-law context, however, we have stated: In order to establish that the defendants' conduct was wanton, reckless, willful, intentional and malicious, the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the consequences of one's acts ... [Such conduct] is more than negligence, more than gross negligence.... [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precau-

tions to avoid injury to them.... It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action.... [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent.'

*Martin,* 261 Conn. at 379, 802 A.2d 814 (*quoting Shay v. Rossi,* 253 Conn. 134, 181, 749 A.2d 1147 (2000), *overruled on other grounds by Miller,* 265 Conn. at 325, 828 A.2d 549). As a matter of law, the Court can not say that, given the duty of police officers to uphold and enforce the law, Longmoor's allegations of knowingly abetting criminal trespass with the intent to discriminate against one neighbor in favor of another do not rise to the level of the *Martin* standard. The State Police Defendants, by emphasizing that they do not read plaintiff's complaint to allege that the officers knew Longmoor to be the fee owner of the Woodland property or that the neighbor had no right to use Longmoor's dirt road (a reading different than that of the Court's, *see supra* note 7), apparently agree. Accordingly, the Court need not reach the issue of whether Longmoor's allegations are sufficient to establish that the State Police Defendants were acting outside the scope of their employment, and the State Police Defendants motion to dismiss based on statutory and sovereign immunity grounds is denied.

## VIII. Conclusion

For the reasons set forth above, the State Police Defendants motion to dismiss [Doc. # 33] is GRANTED as to all of plaintiff Keene's claims and plaintiff Longmoor's claims of substantive due process and bill of attainder, but DENIED as to Longmoor's claims of equal protection, procedural due process, and common law;

the Barkhamsted Defendants' motion to join the State Police Defendants' motion to dismiss [Doc. # 41–1] is GRANTED as to plaintiffs' equal protection claim and DENIED as to plaintiffs' claims of substantive due process, procedural due process, and common law, *see supra* note 2; and the Barkhamsted Defendants' motion to dismiss [Doc. # 45] is GRANTED as to plaintiffs' bill of attainder claim and DENIED as to plaintiffs' equal protection claim.

IT IS SO ORDERED.