James **LICHTENBERG**, on behalf of himself and all others similarly situated, and John Bansbach, on behalf of himself and all others similarly situated, Plaintiffs–Appellees,

v.

**BESICORP GROUP INC.**, Michael F. Zinn, Melanie Norden, Michael J. Daley, Gerald A. Habib, Richard E. Rosen, Steven I. Eisenberg, Defendants–Appellants.

Docket No. 99–7858.

United States Court of Appeals, Second Circuit.

Jan. 25, 2002.

David C. Burger, Robinson, Brog, Leinwand, Greene, Genovese & Gluck P.C., New York, NY, for Appellants.

Curtis V. Trinko, Goodkind, Labaton, Rudoff & Sucharow LLP, New York, NY, for Appellees.

Present SACK, PARKER, and B. FLETCHER,\* Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of

---

\* The Honorable Betty B. Fletcher, Senior Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

said district court, entered on June 24, 2000, be, and it hereby is, AFFIRMED.

Besicorp Group Inc. appeals from an order and opinion of the United States District Court for the Southern District of New York dated June 23, 2000 (William C. Connor, *Judge*) denying Besicorp's motion for reconsideration and reargument pursuant to Rule 6.3 of the Local Civil Rules of the Southern District of New York.

The facts underlying this appeal are set forth thoroughly in the district court's opinion of March 26, 1999. *Lichtenberg v. Besicorp Group Inc.*, 43 F.Supp.2d 376 (S.D.N.Y.1999) (*"BGI I"*). By order dated March 18, 1999, the court granted the plaintiffs' motion for injunctive relief on the grounds that the defendant Besicorp had filed a materially misleading proxy statement with the Securities and Exchange Commission in connection with a then-imminent merger. The order instructed the defendants to file any motion for reconsideration and reargument "within ten days after the docketing of the forthcoming Opinion." Order of Mar. 18, 1999, at 2.

The court's opinion, *BGI I,* was entered on March 29, 1999. Excluding weekends and holidays, that gave Besicorp until April 12 to move for reconsideration. With the plaintiffs' consent and the court's approval, Besicorp secured a one-week extension. On April 19, the final day of that week, Besicorp made a motion for reconsideration pursuant to Rule 6.3 of the Local Civil Rules of the Southern District of New York. On June 23, 1999, the court denied that motion.

On July 21, 1999, Besicorp appealed *both* the court's denial of its motion for reconsideration and reargument *and* the court's underlying decision to grant the plaintiffs injunctive relief. The plaintiffs moved to dismiss because Besicorp failed to appeal within the thirty-day period prescribed by Rule 4(a)(1) of the Federal Rules of Appellate Procedure. Besicorp argued that the district court—by approving its request for a one-week extension to file a motion for reconsideration—had implicitly assured Besicorp that its time to appeal the initial injunctive order and opinion would be tolled, and therefore that its appeal should be deemed timely under the "unique circumstances" doctrine set forth in *Thompson v. INS,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (per curiam).

A motions panel of this Circuit rejected that argument and dismissed Besicorp's appeal except to the extent that it sought review of the district court's decision to deny Besicorp's motion for reconsideration. *Lichtenberg v. Besicorp Group Inc.,* 204 F.3d 397 (2d Cir.2000) (*"BGI II"*). But in declining to dismiss the appeal in its entirety, the motions panel emphasized that Besicorp's appeal "calls up for review only the denial of the reconsideration motion, not the merits of the underlying judgment [i.e., *BGI I* ] whose alteration was sought." *BGI II*, 204 F.3d at 404.

Besicorp now asks us to revisit the decision of the motions panel in *BGI II* and thereby reach the merits of *BGI I.* While we recognize that a ruling on an issue by a motions panel does not as a matter of law "bar reconsideration of that issue by the merits panel," *United States v. Ecker,* 232 F.3d 348, 349 (2d Cir.2000) (citing *Rezzonico v. H & R Block, Inc.,* 182 F.3d 144, 149 (2d Cir.1999)), we do not revisit such an issue "absent 'cogent' or 'compelling' reasons," *Rezzonico,* 182 F.3d at 149 (citation and internal quotation marks omitted). We find none here. The only issue before us is the propriety of the district court's decision to deny Besicorp's motion for reconsideration.

We review the denial of a motion for reconsideration under an abuse of discre-

tion standard. *Branum v. Clark,* 927 F.2d 698, 704 (2d Cir.1991). In order to prevail, the moving party "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." *Fulani v. Brady,* 149 F.R.D. 501, 503 (S.D.N.Y. 1993), *aff'd sub nom. Fulani v. Bentsen,* 35 F.3d 49 (2d Cir.1994). A motion for reconsideration is not an opportunity for the moving party "to argue those issues already considered when a party does not like the way the original motion was resolved." *In re Houbigant, Inc.,* 914 F.Supp. 997, 1001 (S.D.N.Y.1996).

Besicorp seeks to reargue the merits of *BGI I* in the guise of facts that the district court allegedly neglected to consider. But it has failed to demonstrate that the court overlooked any fact of consequence or controlling legal authority at the time the court decided *BGI I.* Although Besicorp claims that the district court overlooked our decision in *Minzer v. Keegan,* 218 F.3d 144 (2d Cir.2000), that case had not yet been decided when the district court denied the motion for reconsideration on June 23, 1999. We find no abuse of discretion in the district court's refusal to reconsider its injunctive order.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.