**Susan DeMURIA and Michael DeMuria, Plaintiffs–Appellants,**

v.

**Albert F. HAWKES and Judith A. Marshall, Defendants–Appellees.**

**Docket No. 02–7430.**

United States Court of Appeals, Second Circuit.

Argued Feb. 19, 2003.

Decided May 13, 2003.

Norman Pattis, New Haven, CT (John R. Williams, Williams and Pattis, LLC, of counsel), for Plaintiffs–Appellants.

Kenneth J. McDonnell, Essex, CT (Gould, Larson, Bennet, Wells & McDonnell, P.C., of counsel), for Defendant–Appellee Hawkes.

Nicole Fournier, New Haven, CT (Eric P. Smith, Timothy P. Pothin, and Lynch, Traub, Keefe and Errante, P.C., of counsel), for Defendant–Appellee Marshall.

Before OAKES, KEARSE and B.D. PARKER, Circuit Judges.

OAKES, Senior Circuit Judge.

Plaintiffs Susan and Michael DeMuria sued Judith Marshall, their neighbor in Clinton, Connecticut, and Albert Hawkes, a Clinton police officer, alleging, *inter alia,* violations of equal protection and substantive due process based on Marshall's harassment of the DeMurias and Hawkes's failure to respond adequately to the harassment. The United States District Court for the District of Connecticut, Alan H. Nevas, *Judge,* dismissed the DeMurias' complaint, finding that the DeMurias' equal protection claim was not pled with sufficient specificity and that their substantive due process claim could not be supported by their allegations. We agree with the district court that the DeMurias' complaint does not give rise to a substan-

tive due process claim. We find, however, that their equal protection claim satisfies the requirements for a "class of one" action under *Village of Willowbrook v. Olech,* 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000)(per curiam), and should be allowed to proceed beyond the pleading stage. Accordingly, we affirm in part, and vacate and remand in part.

## BACKGROUND

The neighbor-to-neighbor dispute that led to this action began in 1998, when Marshall commenced litigation against the DeMurias and others over run-off surface water flowing onto her property. The De-Murias' complaint alleges that, at that time, Marshall began a year-long campaign of harassment against them which included threats, attempts to have their water turned off and trash removal stopped, offensive mailings sent to their house, repeated harassing and threatening phone calls, and an attempt to have their backyard excavated without their consent. For the purposes of this appeal, we accept as true all the allegations made by the DeMurias in their complaint.

The DeMurias further allege that, starting in the fall of 1998, they repeatedly contacted Officer Hawkes in an effort to end Marshall's harassing conduct. Officer Hawkes told the DeMurias that he would take charge of their complaints against Marshall and, in response to their direct question, denied having any personal relationship with her. He advised the DeMurias to have the telephone company put a device on their phone to record Marshall's calls, but later requested that the company not reinstall the device. After Marshall's attempt to arrange the excavation of the DeMurias' backyard, Hawkes promised them that he would apply for a warrant to arrest Marshall, but did not do so until almost six weeks had passed. Between the time that Hawkes promised to arrest Marshall and the time he actually applied for a warrant, Hawkes told a third party that Marshall would never be arrested because she was his friend. Hawkes later failed to supply the prosecuting attorney assigned to review the warrant application with the information necessary to determine probable cause. Hawkes instead closed the file and told the DeMurias that the court would not issue a warrant against Marshall.

In addition to these allegations, the De-Murias plead in their complaint that Hawkes aided and abetted Marshall's unlawful conduct and knowingly assisted her in causing injury to them. The complaint alleges that Hawkes had the duty and opportunity to protect the plaintiffs from Marshall, but failed to do so. Finally, the complaint states that "Hawkes subjected the plaintiffs to a different standard of police protection than any other citizens of Clinton and he did so maliciously, arbitrarily, for the purpose of injuring them, and for the reason that they were involved in a dispute with his friend."

On March 25, 2002, the district court dismissed the DeMurias' case on the basis of the pleadings. The court found the allegation that Hawkes had treated the DeMurias differently than other citizens of Clinton to be insufficiently specific for the purpose of maintaining an equal protection claim because the DeMurias did not name any similarly situated individuals or identify any differently-handled disputes. The court also found that the complaint articulated neither an impermissible or illicit motivation nor the lack of a rational basis for Hawkes's conduct. With respect to substantive due process, the court held that the complaint did not allege "conscience-shocking" governmental action and had failed to identify any deprivation of a constitutionally protected liberty or property interest.

## DISCUSSION

We apply a *de novo* standard of review to the grant of a motion to dismiss on the pleadings, accepting as true the complaint's factual allegations and drawing all inferences in the plaintiff's favor. *Scutti Enters. v. Park Place Entm't Corp.,* 322 F.3d 211, 214 (2d Cir.2003). "The court may not dismiss a complaint unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." *Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997) (internal quotation omitted). Because the complaint must allege facts which confer a cognizable right of action, " '[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " *York v. Ass'n of the Bar of the City of New York,* 286 F.3d 122, 125 (2d Cir.2002) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974))(alteration in original).[1]

■ As recognized by the district court, the DeMurias' equal protection claim is governed by the Supreme Court's holding in *Village of Willowbrook v. Olech,* 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam). There, the Court held that a successful equal protection claim may be "brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* at 564, 120 S.Ct. 1073. Olech sued the Village after it required her to grant a 33–foot easement, as opposed to the 15–foot easement required from other property owners, to connect to the Village's water supply. *Id.* at 563, 120 S.Ct. 1073. Olech claimed that the Village's demand for an additional easement was "irrational and wholly arbitrary" and was made with the intent to deprive her of her rights or in reckless disregard of her rights. *Id.* The lower court dismissed Olech's complaint on the pleadings, finding her allegations to be insufficient to state a judicially cognizable equal protection claim. *Id.* The Seventh Circuit reversed, concluding that an allegation of subjective ill will was adequate to make out an equal protection violation.

The Supreme Court affirmed on a different rationale. The Court found that Olech's complaint could "fairly be construed as alleging" differential treatment from similarly situated property owners which, coupled with Olech's allegation that the Village's conduct was irrational and wholly arbitrary, was "sufficient to state a claim for relief under traditional equal protection analysis." *Id.* at 565, 120 S.Ct. 1073. In so holding, the Court found it unnecessary to consider the question of the Village's subjective motivation. *Id.*

The district court in this case held that the DeMurias' allegations were distinguishable from those in *Olech* because they lacked the requisite specificity. It found that the DeMurias had not set forth any "allegations identifying others similarly situated who were treated differently; or, for example, an allegation that officers handling similar disputes took adequate action, promptly applied for a warrant or made an arrest. Rather, the plaintiffs have merely alleged, in conclusory fashion,

---

1. Defendant Hawkes, rather than moving like Marshall for dismissal on the pleadings pursuant to Fed.R.Civ.P. 12(b)(6), filed an answer followed by a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). As the legal standards for review of motions pursuant to Rule 12(b)(6) and Rule 12(c) are indistinguishable, *see Miller v. Wolpoff & Abramson, LLP,* 321 F.3d 292, 300 (2d Cir. 2003), we will treat Hawkes's motion the same as Marshall's for the purposes of this opinion.

that Hawkes subjected them to a different standard of police protection" than that afforded to other residents of Clinton. Such an allegation, the district court held, is insufficient. The district court also held that the DeMurias had not "set forth an illicit motivation comparable to the allegations made in *Olech*" and had "not sufficiently alleged a lack of rational basis, animus, or other impermissible criteria as the basis for the alleged differential treatment or facts that could lead the court to infer those prohibited considerations."

Our reading of *Olech* leads us to a different conclusion. First, the *Olech* opinion does not establish a requirement that a plaintiff identify in her complaint actual instances where others have been treated differently for the purposes of equal protection. Indeed, it appears that Olech herself did not "name names" in her complaint, but made the more general allegation that similarly situated property owners had been asked for a different easement. The Supreme Court found that such an allegation could "fairly be construed" as sufficient for stating an equal protection claim. *Olech*, 528 U.S. at 565, 120 S.Ct. 1073. Here, the DeMurias made a general allegation that Hawkes gave them a different standard of police protection than that typically afforded a resident of Clinton. The facts they allege in their complaint support the conclusion that Hawkes's conduct was in violation of his duty as an officer of the Clinton police department. We find these allegations sufficient, albeit barely, to meet the minimal level established by *Olech* for "class of one" equal protection claims at the pleading stage.

■ Second, Olech's general allegation that the Village's conduct was "irrational and wholly arbitrary" was found by the Court to be adequate for pleading purposes. Here, the DeMurias alleged that Hawkes acted maliciously and arbitrarily because they were involved in a dispute with his friend. Although their complaint does not actually use the word "irrational," as Olech's did, the allegation of an impermissible motive and of animus is sufficient to establish an equal protection issue. *See Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 500 (2d Cir.2001) (holding that a plaintiff must show either lack of rational basis or animus under *Olech*). As we recently emphasized in *Giordano v. City of New York*, 274 F.3d 740, 751 (2d Cir.2001), a plaintiff is also required under *Olech* to allege intentional disparate treatment, which the DeMurias have clearly done.[2] We therefore disagree with the district court that their complaint falls short of *Olech*'s requirements.

We find that, at this earliest stage of the proceedings, these allegations are sufficient to allow the DeMurias to proceed with their equal protection claim. As counsel recognized at oral argument, they face a significant hurdle in finding evidence to prove their allegations of selective enforcement and unequal treatment. Such concerns, however, should not defeat their claim at the pleading stage. Thus, we hold that the DeMurias have stated an equal protection claim adequate to survive a motion to dismiss.

With respect to the due process claim, we adopt the reasoning of the district court in finding that the DeMurias' complaint does not adequately allege facts to support such a claim.

---

**2.** *Giordano* declined to decide whether *Olech* removed our Circuit's requirement that an illicit motivation be shown to establish a valid equal protection violation. 274 F.3d at 751; *see also Harlen Assocs.*, 273 F.3d at 499–500. Because the resolution of that question is not necessary to the outcome of this case, we similarly leave that decision for another day.

## CONCLUSION

For the foregoing reasons, we vacate the dismissal of the plaintiffs' equal protection claim and remand the case to the district court for further proceedings on that basis. We affirm the dismissal of the plaintiffs' due process claim.