**Russell MANLEY, Plaintiff,**

v.

**Gail THOMAS, Acting Superintendent, Mid–Orange Correctional Facility and Brion Travis, Chairman, New York Division of Parole Defendants.**

**No. 02 CIV. 9754(VM).**

United States District Court, S.D. New York.

June 20, 2003.

Russell Manley, Mid–Orange Correctional Facility, Warwick, Pro se.

Beth Janet Thomas, Asst. Attorney Gen., Office of the Attorney General of the State of New York, New York, NY, for Gail Thomas, Acting Superintendent, Mid–Orange Correctional Facility O, Brion Travis, Chairman, New York Division of Parole, respondents.

*DECISION AND ORDER*

MARRERO, District Judge.

Petitioner Russell Manley ("Manley") moves for reconsideration of the Court's Decision and Amended Order dated April 1, 2003 (the "Decision")[1] denying his petition for a writ of habeas corpus (the "Petition"). Among other grounds for relief, Manley asserted deprivation of equal protection of the law in violation of the Fourteenth Amendment of the United States Constitution. The Petition claims that Manley, incarcerated at New York State's Mid–Orange Correctional Facility ("Mid–Orange") following a conviction for second degree murder, was denied parole while other similarly situated Mid–Orange inmates were granted parole at the same time, without any rational reasons expressed by the Parole Board to support the difference in treatment. According to Manley, in rejecting his petition the Parole Board was motivated by a desire to respond to political pressure and public opinion to improperly eliminate parole for violent felony offenders. Manley claims that the Court did not properly analyze his "class of one" equal protection argument in the light of *Village of Willowbrook v. Olech,* 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000), as recently construed by the Second Circuit in *DeMuria v. Hawkes,* 328 F.3d 704 (2d Cir.2003). The Court finds no sufficient grounds to grant reconsideration and thus denies the instant motion.

To sustain a motion for reconsideration so as to set aside a judgment pursuant to Fed.R.Civ.P. 60(b) requires a showing of factual matters or controlling decisions that the Court may have overlooked in reaching the ruling challenged. *See* Local Civil Rule 6.3; *Lichtenberg v. Besicorp Group Inc.,* 28 Fed. Appx. 73, 74–

---

1. The Decision is reported as *Manley v. Thom-* *as,* 255 F.Supp.2d 263 (S.D.N.Y.2003).

75 (2d Cir. Jan.25, 2002) (noting that to prevail on a motion for reconsideration the moving party must demonstrate controlling law or material facts put before the court in connection with the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision). The reconsideration procedure is not designed to afford occasion for a moving party who is unhappy with the decision regarding the initial motion to reargue matters already fully considered and rejected by the Court. *See id.* (citing *In re Houbigant, Inc.,* 914 F.Supp. 997, 1001 (S.D.N.Y.1996)).

Manley takes issue with the Court's treatment of his equal protection claim on the ground that it did not properly apply the "class of one" doctrine as enunciated by the Supreme Court in *Olech.* In fact, the Court, as Manley acknowledges, relied upon this Court's decision in *Brown v. Thomas,* No. 02 Civ. 9257, 2003 WL 941940 (S.D.N.Y. Mar.10, 2003), which, in denying habeas relief to another Mid–Orange petitioner, rejected a constitutional claim and substantive argument identical to the one Manley asserted before this Court. In *Brown,* Judge Lynch specifically considered the same "class of one" equal protection issue and accurately set forth the applicable standard. As Judge Lynch stated, the test requires a sufficient showing that the petitioner was similarly situated to other persons and was singled out for differential treatment from them in a manner the subjected him to "irrational and wholly arbitrary acts" and "intentional disparate treatment." *Id.* at *2 (quoting *Giordano v. City of New York,* 274 F.3d 740, 751 (2d Cir.2001)). This Court, citing *Brown,* explicitly found that Manley did not satisfy the elements of this "class of one" standard. *See Manley,* 2003 WL 1739003, at *4. As in *Brown,* the test applied by this Court derives from *Giordano,*

a case in which the Second Circuit elaborated on the requirements of the "class of one" equal protection doctrine in the light of *Olech* and underscored that the differential treatment asserted must be both intentional and irrational. *See* 274 F.3d at 751.

Nothing in *DeMuria* alters this Court's foregoing analysis. In fact, the *DeMuria* court, while recognizing that a plaintiff's general allegation of different treatment from other similarly situated persons would suffice to state an equal protection claim, cites *Giordano* in reaffirming its reading of *Olech* to require particular and individualized pleading of *intentional* disparate treatment singularly targeting the specific victim. *See* 328 F.3d at 707.

■ Manley contends that he constitutes a "class of one" because, though his parole application was rejected, other inmates with allegedly similar or worse criminal records than his were granted parole at the same time. This claim fails to satisfy the *Olech* and *Giordano* standard on several grounds. First, insofar as it acknowledges that the Parole Board granted the petitions of other allegedly worse felony offenders, the argument is inherently at odds with Manley's attribution of unwarranted and arbitrary motivation on the part of Parole Board to eliminate parole altogether for all perpetrators of serious crimes. Moreover, the pleadings here do not suffice to establish that in the denial of his application for parole, Manley was intentionally targeted, insofar as his being singled out from among all of the State's inmates convicted of homicide, to receive differential treatment. To support such a conclusion would demand a much more rigorous showing than that evident in Manley's papers because of, as the *Brown* court observed, "the number and variety of factors bearing on the seri-

ousness of the underlying offense and the likelihood that an offender will be a danger to the community...." 2003 WL 941940, at *2.

Finally, as attested by the multitude of other habeas petitions originating from Mid–Orange and filed in this Court asserting identical denial of parole claims, Manley is not the only New York State felony offender whose parole application has been rejected on similar grounds and under comparable circumstances.[2] *See, e.g., Parmes v. Chairman, Div. of Parole,* No. 03 Civ. 2736, 2003 WL 2006601 (S.D.N.Y. Apr.30, 2003); *Davis v. Thomas,* 256 F.Supp.2d 190 (S.D.N.Y.2003); *Brown,* 2003 WL 941940; *Defino v. Thomas,* No. 02 Civ. 7413, 2003 WL 40502 (S.D.N.Y. Jan.2, 2003); *Lowery v. Thomas,* 03 Civ. 0362, slip op. (S.D.N.Y. Mar. 20, 2003). On Manley's theory, each one of these petitioners, and indeed every other felony offender who is ever denied parole, would qualify individually as a "class of one," separately entitled to pursue relief under the Equal Protection Clause on a pleading of nothing more than a bare assertion that his application was rejected while those of others purportedly similarly situated were approved. The Court does not read *Olech* or *DeMuria* to warrant such a finding and compel a determination upholding the sufficiency of the pleadings under these circumstances.

Accordingly, Manley's motion must be denied.

### ORDER

For the reasons set forth above, it is hereby

ORDERED that petitioner's request for reconsideration of the Court's Amended Decision and Order dated April 1, 2003 is DENIED.

SO ORDERED.

---

2. The Court takes note that to date approximately twenty separate actions brought by inmates of Mid–Orange have been filed in this Court, apparently generated by circulation and serial reuse of the same form complaint.