**Carlos SANTOS, Plaintiff–Appellant,**

v.

**SHAPIRO & DICARO, Governmental National Mortgage Association, and Federal Deposit Insurance Corporation, Defendants–Appellees.**

No. 03–6122.

United States Court of Appeals, Second Circuit.

Dec. 31, 2003.

William D. Friedman, Hempstead, NY, for Appellant.

John A. DiCaro, Shapiro & DiCaro, Rochester, NY, for Shapiro & DiCaro, Appellee.

Charles P. Kelly, Assistant United States Attorney (Varuni Nelson, Assistant United States Attorney, of counsel, Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York on the brief), United States Attorney's Office for the Eastern District of New York, Central Islip, NY, for Governmental National Mortgage Association.

Jaclyn Taner (Colleen J. Boles, of counsel, Henry R.F. Griffin, on the brief), Federal Deposit Insurance Corporation, Washington, D.C., for Federal Deposit Insurance Corporation.

Present: FEINBERG, CALABRESI and CABRANES, Circuit Judges.

### SUMMARY ORDER

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **VACATED** and the cause is **REMANDED WITH INSTRUCTIONS** for further proceedings consistent with this order.

Carlos Santos appeals from the March 5, 2003 judgment of the District Court dismissing his claims against Governmental National Mortgage Association ("Ginnie

Mae") and the Federal Deposit Insurance Corporation ("FDIC") (collectively, "federal defendants") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and granting judgment on the pleadings to Shapiro & DiCaro under Rule 12(c). The complaint, originally filed in New York state court and removed to federal court, alleged under state law that all three defendants breached the standard of good faith and fair dealing when they failed to notify plaintiff of automatic stays attached to properties that plaintiff purchased from the federal defendants in foreclosure sales in which Shapiro & DiCaro represented the federal defendants. The complaint alleged an additional state claim against only Shapiro & DiCaro, seeking punitive damages for its part in failing to notify plaintiff of the stays.

On appeal, plaintiff argues (1) that the District Court erred in granting the defendants' motions and dismissing his complaint, and (2) that if we affirm the Court's dismissal of the claims against the federal defendants, the case should be transferred back to state court for adjudication of the claims against Shapiro & DiCaro. We conduct a *de novo* review of grants of motions to dismiss and motions for judgment on the pleadings. *See, e.g., DeMuria v. Hawkes,* 328 F.3d 704, 706 & n. 1 (2d Cir.2003).

▆▆▆ After reviewing the material submitted by the parties and after hearing oral argument of counsel, we conclude that plaintiff's claims against the federal defendants must be dismissed for lack of subject matter jurisdiction. Specifically, plaintiff's claim against Ginnie Mae is barred because plaintiff failed to exhaust administrative remedies within the two-year statute of limitations under the Federal Tort Claims Act, as required by 28 U.S.C. § 2675(a), *see Millares Guiraldes de Tineo*

*v. United States,* 137 F.3d 715, 719–20 (2d Cir.1998) ("[T]he United States has not consented to be sued on a tort claim unless the claim was first presented to the appropriate federal agency in writing, was so presented within two years after the claim accrued, and specified the amount of the claim in writing."). And plaintiff's failure to exhaust the receivership claims process under 12 U.S.C. § 1821(d) precludes subject matter jurisdiction over plaintiff's claim against the FDIC where as here, the FDIC is acting in its capacity as receiver. *See* 12 U.S.C. § 1821(d)(13)(D).

Accordingly, we **VACATE** the March 5, 2003 judgment of the District Court and **REMAND** to the District Court with instructions to **DISMISS** plaintiff's claims against the federal defendants for want of subject matter jurisdiction, and with respect to so much of the judgment as concerns Shapiro & DiCaro, to consider whether it wishes in these circumstances to exercise supplemental jurisdiction. In remanding, we note that, when the District Court determined that no state-law cause of action existed for plaintiff's claim against only Shapiro & DiCaro, it stated that, "even if Plaintiff had articulated a valid claim under New York state law, the Court would decline to exercise supplemental jurisdiction ... where ... all claims for which it had original jurisdiction [were dismissed]." *Santos v. Shapiro & DiCaro,* No. CV 01–7808, at 13 n. 2 (E.D.N.Y. Mar. 5, 2003).