James KVEDAR, Plaintiff–Appellee,

v.

Frank GRIFFIN, Defendant–Appellant.

Docket No. 04–6334CV.

United States Court of Appeals,
Second Circuit.

Aug. 9, 2005.

John R. Williams, New Haven, Conn, for Plaintiff–Appellee.

Gregory T. D'Auria, Associate Attorney General, (Jane R. Rosenberg, Assistant Attorney General, on the brief), for Richard Blumenthal, Connecticut Attorney General, Hartford, Conn, for Defendant–Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, Circuit Judges, and Hon. DENISE COTE,* District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

---

* The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

**AND DECREED** that the judgment of the District Court is **REVERSED.**

Defendant–Appellant Frank Griffin ("Griffin"), Commanding Officer of the Bureau of Criminal Investigations in the Connecticut State Police ("CSP"), appeals from the district court's denial of his motion for summary judgment on a claim for damages under 42 U.S.C. § 1983 brought by James Kvedar ("Kvedar"), a Trooper in the CSP. Kvedar alleges that Griffin violated his equal protection rights under the Fourteenth Amendment by disciplining Kvedar for Kvedar's handling of an incident at the Foxwoods Casino but not disciplining other officers who handled similar incidents in a similar manner. Griffin moved for summary judgment, on the grounds (1) that Kvedar failed to state a claim, and (2) that Griffin was entitled to qualified immunity.

Because immunity is an entitlement not to stand trial, and thus is effectively lost if a case is allowed to proceed, the denial of qualified immunity is appealable, but only to the extent that the denial turns on a question of law. *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Cowan v. Breen,* 352 F.3d 756, 760–61 (2d Cir.2003).

We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

To state a valid equal protection "class of one" claim, a plaintiff must allege (1) that he or she has been intentionally treated differently from others similarly situated, and (2) that there is no rational basis for the difference in treatment. *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000); *DeMuria v. Hawkes,* 328 F.3d 704, 706 (2d Cir.2003). After the district court denied Griffin's summary judgment motion, this Circuit clarified the standard for the "similarly situated" prong of equal protection "class of one" analysis. *Neilson v. D'Angelis,* 409 F.3d 100, 105 (2d Cir.2005). Under *Neilson,* it is clear that, as a matter of law, Kvedar's situation was insufficiently similar to his comparators' to support an equal protection "class of one" claim.

The judgment of the district court is, therefore, REVERSED, and the district court is instructed to grant summary judgment to Griffin.