Evan COHN, Plaintiff–Appellee,

v.

NEW PALTZ CENTRAL SCHOOL DISTRICT and Alan R. Derry, Superintendent of Schools of the New Paltz Central School District, Defendants–Appellants.

No. 05–2022.

United States Court of Appeals, Second Circuit.

March 3, 2006.

Alex Smith, Middletown, NY (Robert N. Isseks, on the brief), for Plaintiff–Appellee.

Mark C. Rushfield, Shaw & Perelson, LLP, Highland, NY, for Defendant–Appellant.

Present: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. JANET BOND ARTERTON, District Judge.*

## SUMMARY ORDER

Defendants–Appellants New Paltz Central School District and Alan R. Derry have filed an interlocutory appeal from the order of the district court denying the School District's motion for Eleventh Amendment sovereign immunity and Derry's motion for qualified immunity on Cohn's Equal Protection claim.

As to the School District's motion for Eleventh Amendment sovereign immunity, the precise legal issue implicated by this motion—namely, whether school districts in New York State are arms of the state entitled to Eleventh Amendment immunity—was argued in the case of *Woods v. Cafiero*, No. 05–1080–CV, before another panel of this Court prior to the argument of this case. We will defer our ruling on this aspect of the appeal until the issuance of that panel's decision.

The instant summary order therefore serves only to address Derry's motion for qualified immunity with respect to Cohn's Equal Protection claim. Pursuant to 28 U.S.C. § 1291, we have jurisdiction over this interlocutory appeal to the extent that the availability of qualified immunity can be determined as a matter of law. *See, e.g., Holeman v. City of New London*, 425

---

* The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

F.3d 184, 187 (2d Cir.2005); *McKenna v. Wright*, 386 F.3d 432, 434, 438 (2d Cir. 2004).

As we have previously stated, although a qualified immunity defense can be presented in the context of a Rule 12(b)(6) motion, "the defense faces a formidable hurdle when advanced on such a motion." *McKenna*, 386 F.3d at 434. This is equally applicable to the procedural context here, *i.e.*, a Rule 12(c) motion for judgment on the pleadings. *See, e.g., Nicholas v. Goord*, 430 F.3d 652, 658 n. 8 (2d Cir.2005) (stating that a Rule 12(c) motion for judgment on the pleadings is "evaluated under the same standard as a Rule 12(b)(6) motion"). To prevail on a motion for qualified immunity in this early stage of the proceedings, "[n]ot only must the facts supporting the [immunity] defense appear on the face of the complaint, but ... the motion may be granted only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *McKenna*, 386 F.3d at 436 (internal quotation marks and citation omitted).

██ Derry cannot satisfy this stringent standard. We agree with the district court that the Complaint's allegations are sufficient to state a "class of one" Equal Protection claim under the rationale recognized by the Supreme Court in *Village of Willowbrook v. Olech*, 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). The Complaint alleges that the punishment that Derry imposed upon Cohn was disproportionate as compared to the punishment Derry imposed upon two other students who engaged in similar misconduct, and that "[t]his disparate treatment was without any rational basis and violated plaintiff's right to equal protection of the law." Although Derry argues that the Complaint does not allege that Cohn was "prima facie identical" to the two other students, and

therefore must fail under *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir.2005), *Neilson* arose in the significantly different procedural context of a motion for judgment as a matter of law. This Court has never held that the required showing articulated in *Neilson* for a Equal Protection "class of one" claim applies at the pleading stage. On the contrary, in *DeMuria v. Hawkes*, 328 F.3d 704, 707 (2d Cir.2003), we held that at the pleading stage, a complaint alleging a "class of one" Equal Protection violation need not identify actual instances where others have been treated differently, and that it is sufficient to make the more general allegation that similarly-situated people have been treated differently, just as the Complaint does here.

Moreover, although Derry argues that "the pleadings and record evidence ... establish[ ] that the respondent was not prima facie identical to the two comparators identified by the respondent," he himself acknowledges that the disciplinary records of the two other students are not included in the pleadings and record evidence. This, of course, renders it impossible to make a factual determination as to the level of similarity between Cohn and the two other students at the instant stage of the litigation, belying Derry's suggestion that we can already conclusively determine—without discovery—the merits of Cohn's Equal Protection claim.

Additionally, in regard to Derry's argument that the Complaint's omission of the word "intentional" necessitates its dismissal, we reiterate that such a dismissal is warranted only when it is clear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Here, given Cohn's assertion that he received a harsher punishment than that received by two other similarly-situated students, "without any rational basis" for the distinction, we be-

880

lieve that his Complaint can be read to assert that this differential treatment was imposed intentionally. Indeed, Derry's argument is similar to that rejected by this Court in *DeMuria*, in which we held that the lack of the word "irrational" in the Complaint did not mandate its dismissal. *See DeMuria*, 328 F.3d at 707.

■ Finally, Derry's suggestion that he is entitled to qualified immunity even if the Complaint can be read to state a cognizable Equal Protection "class of one" claim, on grounds that the relevant Equal Protection right was not clearly established as of April 2001, must fail. This argument is essentially a repackaged version of Derry's argument that Cohn was dissimilar to the other two students in question. Specifically, Derry asserts that "it cannot be reasonably argued that it was clearly established in April of 2001 (pre-*Neilson*) that ... the comparators were ... similarly situated to the respondent and that the decision to impose a stiffer penalty upon the respondent bore no rational relationship to any legitimate governmental purpose." As set forth above, however, the level of similarity between Cohn and the other two students is a factual determination that cannot be resolved at the pleading stage.

Accordingly, "[b]ecause the availability of qualified immunity cannot now be determined as a matter of law, we lack appellate jurisdiction" as to Derry's interlocutory appeal. *McKenna*, 386 F.3d at 438. We therefore **DISMISS** this portion of the appeal for lack of jurisdiction. We expect to rule on the remaining portion of the appeal—the School District's motion for Eleventh Amendment immunity—once *Woods v. Cafiero* has been decided.