**HSBC BANK USA, f/k/a Republic National Bank,**

v.

**John Leslie HALES, Defendant.**

**No. 97 Civ. 9289(VM).**

United States District Court, S.D. New York.

June 12, 2006.

Andrew S. O'Connor, Law Offices of Andrew S. O'connor, New York, NY, for plaintiff.

Tab K. Rosenfeld, Rosenfeld, Jacob & King, LLP, New York, NY, for defendant.

### DECISION AND ORDER

MARRERO, District Judge.

By Order dated May 26, 2006 ("the Order"), the Court denied defendant John Leslie Hales's ("Hales") motion seeking relief from a judgment entered against him in the underlying case on April 13, 2000. Hales now moves for an order pursuant to Local Civil Rule 6.3 granting reargument or reconsideration. Hales's submission in support of his motion for reconsideration or reargument reiterates the same arguments that he made in his motion for relief from judgment. Accordingly, the motion for reconsideration or reargument is denied.

Reconsideration of a previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Management Sys. Inc. Secs. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (citations and quotation omitted). A motion for reconsideration under Local Rule 6.3 must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision. *See Lichtenberg v. Besicorp Group Inc.*, 28 Fed. Appx. 73, 2002 WL 109483, *1 (2d Cir. Jan.25, 2002); *SEC v. Ashbury Capi-*

*tal Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044 (S.D.N.Y. May 31, 2001) (*citing AT&T Corp. v. Community Network Servs., Inc.*, No. 00 Civ. 316, 2000 WL 1174992, at *1 (S.D.N.Y. Aug.19, 2000)). Local Rule 6.3 is intended to "ensure the finality of decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters." *See id.* A court must narrowly construe and strictly apply Local Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent the rule from being used as a substitute for appealing a final judgment. *See Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 150 (S.D.N.Y.1999); *Montanile v. National Broadcasting Co.*, 216 F.Supp.2d 341, 342 (S.D.N.Y.2002).

 Hales's request cites no controlling law or factual matters the Court overlooked that might reasonably be expected to alter the outcome of the Order. In fact, the Court took into account and rejected the various considerations Hales asserts as grounds for his motion.

Hales asserts that vacature of the April 13, 2000 order is warranted because his former attorney's failure to either move for recusal or raise the recusal issue on appeal is tantamount to the attorney's constructive abandonment of his case. The Court explicitly addressed this issue in the Order and concluded that Hales's former attorney's conduct was not so egregious as to rise to the level of constructive abandonment of the case.

Hales also reiterates the argument that Judge Sweet's failure to recuse himself prior to his divestiture in October 1999 violated the statutory recusal requirement even though Judge Sweet did not issue any substantive rulings during the period prior to his divestiture. The Court rejected this argument in the Order and further held that any error resulting from Judge Sweet's failure to recuse himself was rendered harmless by the Second Circuit's *de novo* review and affirmation of the April 13, 2000 order. *See Faulkner v. National Geographic Enters.*, 409 F.3d 26, 42 n. 10 (2d Cir.2005).

Hales reiterates his argument that the Circuit Court's *de novo* review and affirmation of the April 13, 2000 order did not render any such error harmless. However, Hales raises no new arguments in support of his position. Therefore, Hales's motion for reconsideration is denied.

### *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant John Leslie Hales (Docket No. 46) pursuant to Local Civil Rule 6.3 for reconsideration or reargument of the Order entered in this action on May 26, 2006 is DENIED.

**SO ORDERED.**