Eris ALVARADO, Plaintiff,

v.

The CITY OF NEW YORK, Det. Anderson Walcott, Shield No. 4940, Det. Terrence Felder, Shield No. 3632, Sgt. John Frawley, Shield No. 1415, Parole Officer Silagi, Shield No. 689, Parole Officer Almenas, Shield No. 510, Parole Officer E. Green, Individually and in their Official Capacities, and P.O.s "John Doe" # 1–10, Individually and in their Official Capacities, Defendants.

No. 04 Civ. 8073(VM).

United States District Court, S.D. New York.

April 26, 2007.

Jon Louis Norinsberg, Law Offices of Jon L. Norinsberg, New York, NY, for Plaintiff.

Phillip C. Kim, the Rosen Law Firm, P.A., New York, NY, John Eric Knudsen, New York State Department of Law, The Capitol, Albany, NY, for Defendants.

## DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Eris Alvarado ("Alvarado") filed a complaint, dated October 4, 2004 (the "Complaint" or "Compl."), alleging various causes of action under 42 U.S.C. § 1983 ("§ 1983") against defendants. Defendants Eunice Green ("Green"), Thomas Silagi ("Silagi") and Arcadio Almenas ("Almenas"), all employees of the New York State Division of Parole ("DOP") (collectively, the "Defendants") moved for summary judgment. By Decision and Order dated March 26, 2007, the Court granted in part and denied in part Defendants' motion. *See Alvarado v. The City of New York,* 482 F.Supp.2d 332, 2007 WL 943860 (S.D.N.Y. March 26, 2007) (the "Decision"). By letter to the Court dated April 5, 2007,[1] Alvarado seeks reconsideration of the Court's Decision to the extent it dismissed Alvarado's unlawful search and malicious prosecution claims.

## I. STANDARD OF REVIEW

Reconsideration of a judicial order pursuant to Rule 6.3 is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Management Sys. Inc. Sec. Litig.,* 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (citations and quotation omitted). Pursuant to Rule 6.3, the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the court overlooked and that

---

1. Although not filed as a motion with the Clerk of Court, the Court will respond to Alvarado's letter as a properly filed motion for reconsideration under Local Rule 6.3 ("Rule 6.3").

might reasonably be expected to alter the court's decision. *See Lichtenberg v. Besicorp Group Inc.*, 28 Fed.Appx. 73, 74 (2d Cir.2002); *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (*citing AT & T Corp. v. Comty. Network Servs., Inc.*, No. 97 Civ. 316, 2000 WL 1174992, at *1 (S.D.N.Y. Aug.18, 2000)). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent the rule from being used as a substitute for appealing a final judgment. *See Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 150 (S.D.N.Y.1999); *In re Houbigant, Inc.*, 914 F.Supp. 997, 1001 (S.D.N.Y.1996).

## II. *DISCUSSION*

### A. *QUALIFIED IMMUNITY AND ALVARADO'S UNLAWFUL SEARCH CLAIM*

Alvarado argues that the Court should not have dismissed his unlawful search claim on qualified immunity grounds as a material factual dispute remained regarding the legality of the search of Alvarado's premises. Alvarado cites relevant Second Circuit case law in support of the proposition that the qualified immunity defense is available on summary judgment "only in those cases where the facts concerning the availability of the defense are undisputed; otherwise, jury consideration is normally required." *Oliveira v. Mayer*, 23 F.3d 642, 649 (2d Cir.1994); *see also Curry v. City of Syracuse*, 316 F.3d 324, 334–335 (2d Cir.2003).

Alvarado emphasizes that the Court concluded a "factual dispute exists as to whether the alleged drug paraphernalia belonged to Alvarado or was there before he even moved in." *Alvarado*, 482 F.Supp.2d at 336, 2007 WL 943860 at *4. However, the Court's decision makes clear that this factual dispute is not material

with respect to whether of not the search was lawful. *See id.* ("Whether or not the items belonged to him or his roommate, they were found in the living room and bedroom that Alvarado indicated he was occupying … Thus, whether of not he was in 'possession' of the alleged drug paraphernalia, it is clear the premises were under his 'control.' ").

■ Accordingly, even assuming the drug paraphernalia belonged to his roommate, as it was in areas of the premises under Alvarado's control, there was nothing objectively unreasonable about the search. Moreover, as the Court indicated, its conclusion regarding the objective reasonableness of Defendants' actions is informed in large part by Alvarado's status as a parolee. The relevant inquiry is whether the search was rationally related to Defendants' duties as parole officers. *See id.* at 336, 2007 WL 943860 at *3. Defendants' had reason to believe and a duty to investigate, based on Alvarado's robbery indictment, whether Alvardo was engaged in criminal activity in violation of his parole. *See id.*

■ As Defendant's point out, under Second Circuit precedent, "the relevant question is whether a reasonable person could have believed the search to be lawful, in light of clearly established law and information the searching officers possessed." *Moore v. Vega*, 371 F.3d 110, 115 (2d Cir.2003). The searching parole officers had reason to believe a firearm used in the robbery for which Alvarado was indicted might be located on the premises. *See Alvarado*, 482 F.Supp.2d at 336, 2007 WL 943860 at *3. Under the circumstances, it is completely reasonable for the parole officers, in light of their duties and the information available to them, to believe the search to be lawful, regardless of who possessed the drug paraphernalia. Accordingly, Defendants' qualified immuni-

ty bars Alvarado's claim and the Court finds no grounds to overturn its prior order dismissing this claim.

### B. WHETHER THE COURT SHOULD HAVE ANALYZED THE MALICIOUS PROSECUTION CLAIM SEPARATELY FOR EACH POP CHARGE

■ In denying Alvarado's malicious prosecution claim, the Court found that because the Defendants' had probable cause to arrest Alvarado, that same probable cause barred his malicious prosecution claim. See id. at 338, 2007 WL 943860 at *6. Alvarado now argues that in evaluating his malicious prosecution claim, each DOP charge must be analyzed separately to determine whether probable cause existed to prosecute that charge.[2]

■ When an individual is prosecuted on multiple criminal charges, and some of those charges are resolved in favor of the defendant, the fact that other charges were successfully prosecuted does not prohibit a malicious prosecution claim on those charges that were resolved in Defendants' favor. See Ostroski v. Town of Southold, 443 F.Supp.2d 325, 336 (E.D.N.Y.2006) ("The Second Circuit has noted that a conviction on one claim does not necessarily absolve liability under § 1983 for malicious prosecution as to other criminal charges which were resolved favorably to plaintiff.").

Alvardo does not dispute that with respect to DOP Charges # 1 and # 2 relating to the robbery arrest, the Grand Jury indictment undercuts his malicious prosecution claim with respect to these charges. See Alvarado, 482 F.Supp.2d at 338, 2007 WL 943860 at *6 (citing Savino v. The City of New York, 331 F.3d 63, 72 (2d Cir.2003) (holding indictment creates presumption of probable cause)). However, Alvarado argues that the presumption of probable cause created by the grand jury indictment relates only to DOP Charges # 1 and # 2. Since it was ultimately determined that DOP Charge # 3 for possession of drug paraphernalia could not be sustained, see Alvarado, 482 F.Supp.2d at 334, 2007 WL 943860 at *2, Alvarado contends there was no probable cause for the prosecution of this charge. Consequently, the Court should not have dismissed his malicious prosecution claim with respect to this charge.

First, the Court notes that all the cases Alvardo cite in support of his argument that each charge must be analyzed separately deal with distinct criminal offenses; none are in the context of multiple parole condition violations supporting the revocation of parole. This is a significant distinction. Here, Alvarado is not separately being prosecuted for possessing drug paraphernalia, he is being prosecuted for violating conditions of his parole, one of which is that he not possess drug paraphernalia. Alvarado cites no case law to directly support his assertion that each charge supporting his parole revocation prosecution must be analyzed separately on a malicious prosecution claim.

---

**2.** As an initial matter, Defendants' point out that Alvarado did not raise this argument in his opposition to the motion to dismiss and consequently, it is not an appropriate issue for review on motion for reconsideration. It is true that on a motion for reconsideration a party may not raise new arguments. See Pasha v. William M. Mercer Consulting, Inc., 2004 WL 1474694, at *1 (S.D.N.Y. June 30, 2004) ("Neither Rule 59(e) or Local Civil Rule 6.3, however, is an appropriate vehicle ... to advance new facts, issues or arguments not previously presented to the court.") (citations omitted). While Alvarado did not raise this argument in his opposition paper or cite to the cases he now relies on, he did generally argue that the drug paraphernalia charges must be treated separately from the robbery charges, thus the Court will consider this argument.

■ The Court, however, need not decide this issue to dispose of Alvarado's argument and affirm its Decision dismissing the malicious prosecution claim. While there may be circumstances in which a malicious prosecution claim can proceed where some of the charges supporting a parole revocation prosecution were based on probable cause and some were not, this is not such a case.

■ Under New York law, where there is probable cause for the arrest, "in order for probable cause to dissipate, the groundless nature of the charge must be made apparent by the discovery of some intervening fact." *Lowth v. The Town of Cheektowaga,* 82 F.3d 563, 571 (2d Cir. 1996). Alvarado does not challenge the Court's conclusion that there was probable cause for his arrest for violating his parole. Presumably, Alvarado believes Defendants' failure to withdraw DOP Charge # 3 prior to his final hearing supports his malicious prosecution claim. However, it was not until the final hearing that the parole revocation specialist indicated that the items seized could not be considered drug paraphernalia. At that point, the DOP withdrew the charge. Prior to that, there was no reason for Defendants to believe that the probable cause which supported the arrest had dissipated.[3]

In order to overcome Defendants' qualified immunity and proceed with his malicious prosecution claim, Alvarado would have to demonstrate that Defendants violated his clearly established rights or that it was not objectively reasonable for the Defendants to believe their conduct did not violate Alvarado's rights. *See Alvarado,* 482 F.Supp.2d at 335, 2007 WL 943860 at *2. Defendants' determination that the items at issue were drug paraphernalia did not violate Alvarado's clearly established rights as there is no relevant case law or controlling regulations indicating that the items seized cannot be considered drug paraphernalia. *See Moore,* 371 F.3d at 114 ("The unlawfulness of the officials' actions must be apparent to support a viable claim. Only Supreme Court and Second Circuit precedent existing at the time of the alleged violation is relevant in deciding whether a right is clearly established."). Even though Defendants were mistaken as to whether the seized items could be considered drug paraphernalia, qualified immunity protects them from liability if that mistake was reasonable. *See id.* at 117. This mistake was reasonable at the time of arrest and Alvarado cites no facts that the prosecution of this charge continued once Defendants were told they were mistaken.

At all times up until the dismissal of this charge, it was objectively reasonable for Defendants to believe that their conduct in prosecuting Alvarado for possessing what they believed to be drug paraphernalia did not violate his rights. The evidence "must been seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement." *United States v. Ceballos,* 812 F.2d 42, 50 (2d Cir.1987). Here, Green, based on her experience as a parole officer, indicated that the items seized "are used in the distribution and trafficking of drugs such as cocaine or heroin." (Declaration of Eunice Green, dated July 2006, ¶ 1, attached as Exhibit C to Declaration of John Knudsen, dated July 28, 2006.) The evidence should also be viewed "[e]xamining the totality of the circumstances pertaining to [Alvarado's] status as a parolee." *Samson v. Califor-*

---

3. This fact also supports the Court's conclusion that Alvarado could not prove the "malice" element of his malicious prosecution claim. *See Alvarado,* 482 F.Supp.2d at 338, 2007 WL 943860 at *6. There is no allegation in Alvarado's complaint that the Defendants prosecuted him on the drug paraphernalia charge knowing it was baseless.

*nia,* —— U.S. ——, ——, 126 S.Ct. 2193, 2199, 165 L.Ed.2d 250 (2006). Alvarado had recently been arrested for robbery, so the parole officers had a basis to suspect he might be engaged in other illegal activity. Thus, considering the totality of the circumstances, in light of Defendants' law enforcement experience, and in light of Alvarado's recent arrest, Defendants' prosecution of Alvarado for what they reasonably believed to be drug paraphernalia in Alvarado's new residence was objectively reasonable.

Accordingly, for the reasons set forth above, as the Court's Decision did not misapply controlling law or overlook relevant facts in dismissing Alvarado's malicious prosecution claim, the motion for reconsideration is denied.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the Eris Alvarado's letter of April 5, 2007 seeking reconsideration of the Court's March 26, 2007 Decision and Order be deemed a motion for reconsideration filed as of April 5, 2007 (the "Motion for Reconsideration"); and it is further

**ORDERED** that the Motion for Reconsideration is DENIED; and it is further

**ORDERED** that the parties are directed to appear before the Court on April 27, 2007 at 4:45 p.m. to address remaining pretrial proceedings in this action.

**SO ORDERED.**