**Roberta DEVERS–SCOTT,**
**Plaintiff–Appellant,**

v.

**Deborah L. MARKOWITZ, Secretary of State sued in her personal capacity, Patrick Keenan, M.D., Defendants–Appellees.***

**No. 07–3425–cv.**

United States Court of Appeals,
Second Circuit.

Dec. 16, 2008.

---

* We direct the Clerk of Court to amend the official caption as noted.

Michael H. Sussman, Sussman & Watkins, Goshen, N.Y., for Plaintiff–Appellant.

David Cassetty, Assistant Attorney General, for William H. Sorrell, Attorney General for the State of Vermont, Montpelier, VT, for Defendant–Appellee, Markowitz.

Allan R. Keyes, Ryan, Smith & Carbine, Ltd., Rutland, VT, for Defendant–Appellee Keenan.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, and Hon. DEBRA A. LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Roberta Devers–Scott appeals from the judgment of the United States District Court for the District of Vermont (Murtha, *J.*) dismissing on the pleadings her lawsuit, brought pursuant to 42 U.S.C. § 1983, against Secretary of State Deborah L. Markowitz and Dr. Patrick Keenan. The District Court concluded that Keenan was not a state actor, and so was not subject to suit under Section 1983, and that Markowitz was acting as a prosecutor throughout the actions set forth in the complaint and

so was entitled to absolute immunity. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

On appeal from a Fed.R.Civ.P. 12(b)(6) dismissal, we assume the facts to be as alleged in the complaint and draw all reasonable inferences in favor of the Appellant. *DeMuria v. Hawkes,* 328 F.3d 704, 706 (2d Cir.2003).

■ For substantially the reasons stated by the District Court, we agree that Devers–Scott has not alleged facts sufficient to transform Keenan into a state actor for purposes of liability under Section 1983. *See Ciambriello v. County of Nassau,* 292 F.3d 307, 323 (2d Cir.2002) (requiring that, to state a claim under Section 1983 against a private party, a complaint must allege facts showing that the private party was acting "under color of state law."). Devers–Scott's claims with respect to Keenan were therefore properly dismissed.

■ With respect to Devers–Scott's numerous claims against Markowitz, we conclude that some, but not all, of these claims are barred by absolute immunity. This Court has adopted a "functional approach" to determine whether actions taken by agency officials are entitled to absolute immunity. *DiBlasio v. Novello,* 344 F.3d 292, 297 (2d Cir.2003). The agency proceedings at issue, both for the temporary suspension of Devers–Scott's midwifery license and for its eventual revocation, were sufficiently judicial in nature to trigger absolute immunity for prosecutorial and judicial functions. Devers–Scott's claims going (a) to the decision to initiate proceedings against her, and (b) to the basis for initiating proceedings, fall within the prosecutorial role and are barred by Markowitz's absolute immunity. This immunity also extends to bar Devers–Scott's

First Amendment claim, which attacks the decision to prosecute.

Others of Devers–Scott's claims, however, are arguably not so "intimately associated with the judicial phase of the [administrative] process" as to trigger prosecutorial immunity. *Id.* at 300 (quotation marks omitted). Due process claims regarding Markowitz's alleged unilateral replacement of the presiding administrative law officer (ALO) and Markowitz's alleged appointment of an ALO with no knowledge about the practice of midwifery, for example, may not fall within Markowitz's prosecutorial role, and so might not be barred by prosecutorial immunity.

■ But, even assuming *arguendo* that these claims were not subject to prosecutorial immunity, they, and most of the others Devers–Scott alleges, were properly dismissed for another reason—preclusion. Preclusion bars both claims that were litigated in a prior proceeding, and those that should have been so litigated. *Faulkner v. Caledonia County Fair Ass'n,* 178 Vt. 51, 869 A.2d 103, 107 (2004). Devers–Scott had a full and fair opportunity to litigate her claims in the course of her state proceedings. Devers–Scott could—and did—raise several of her due process challenges before the Vermont Supreme Court. That court explicitly considered and rejected them. *See Devers–Scott v. Office of Prof'l Regulation,* 181 Vt. 248, 270–73, 918 A.2d 230 (2007). Accordingly, these claims are precluded from relitigation. So, too, are additional claims that Devers–Scott could have brought in the course of those proceedings, including all of Devers–Scott's due process challenges to the revocation proceeding.

The Vermont Supreme Court made clear, however, that any claims related to the summary suspension of Devers–Scott's midwifery license were not before that

court. *Id.* at 251, 918 A.2d 230. We need not reach the question whether Devers–Scott's remaining claim regarding her summary suspension—that her due process rights were violated when she received only one days' notice prior to commencement of the summary suspension proceeding—is barred by immunity or preclusion principles, because this claim, on its merits, fails to state a claim on which relief can be granted. Applying the three factors of *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), we conclude that Devers–Scott is not entitled to relief on this claim, even if we presume the allegations in her complaint to be true.

We have considered all of Devers–Scott's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.